0IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

Plaintiff,

v.                                  Cr. No. 08-1370 JCH

DAVID RAMOS-ARENAS,

Defendant.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendant's oral Motion for Judgment of Acquittal on Count 1 Pursuant to Federal Rule of Criminal Procedure 29. The Court held a trial on this underlying case on March 9-10, 2009. Defendant made his Rule 29 motion at the close of the Government's case, and again at the close of all evidence.[1] The Court reserved ruling on the motion. Following submission of the case to the jury, the Defendant was found guilty on Count 1, and not guilty on Counts 2 and 3. The Court having carefully considered the motion and relevant law (including the supplemental authorities submitted by the parties), and being otherwise fully informed, finds that Defendant's motion for judgment of acquittal on Count 1 is not well taken and should be DENIED.

### LEGAL STANDARD

Federal Rule of Criminal Procedure 29(b) provides that the Court may reserve ruling on a

---

[1] In conjunction with his oral motion at the close of evidence, the Defendant also filed in open court and handed to opposing counsel a written motion and brief to the same effect. Although this motion states that it was electronically filed on March 10, 2009, Defendant never actually filed the document. Nonetheless, the Court has considered this written motion and brief in reaching its decision, and has attached a copy of the motion to this ruling.

motion for judgment of acquittal and decide the motion after the jury returns a verdict of guilty. If the Court reserves its decision on the motion, "it must decide the motion on the basis of the evidence at the time the ruling was reserved." Fed. R. Crim. P. 29(b). A district court considering a motion for judgment of acquittal must determine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

## DISCUSSION

Count 1 of the indictment accuses Defendant of "falsely assum[ing] and pretend[ing] to be an officer and employee acting under the authority of the United States or any department, agency or office, thereof, that is, a United States Border Patrol Agent, and act[ing] as such, and in such pretended character, with intent to defraud, obtain[ing] a thing of value in violation of 18 U.S.C. § 912." Indictment [Doc. 19], filed June 18, 2008.

The jury instruction with respect to this Count states:

The defendant is charged in count 1 with a violation of 18 U.S.C. § 912.

This law makes it a crime to obtain something of value while falsely assuming and/or pretending to be an officer or employee acting under the authority of the United States or any department, agency, or officer thereof.

To find the defendant guilty of this crime you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: the defendant falsely assumed to be an officer and employee acting under the authority of the United States;

*Second*: the defendant knew that such assumption or pretension was false; and

*Third*: while acting in such assumed or pretended character, the defendant obtained something of value.

The United States Border Patrol Agency is a department or agency of the United

States within the meaning of that law.

Jury Instructions [Doc. 61] at 5.

At trial, the government presented the following evidence. On February 24, 2008, Defendant was a passenger in a car driven by Rebecca Padilla. At the time he was riding in her car, Defendant and Ms. Padilla had a romantic relationship and defendant was living at Ms. Padilla's house. While riding together, Ms. Padilla was stopped for speeding by George Bernal, a New Mexico State Police Officer. Officer Bernal testified that he was initially going to issue Ms. Padilla a speeding ticket with an assessment of $150, but that he wrote the ticket down to $115 when Ms. Padilla accepted responsibility for her actions. At this point, Defendant, who was sitting in the passenger seat in civilian clothes, without a service weapon or badge, identified himself as a member of the United States Border Patrol. After a conversation with Defendant, Officer Bernal chose to issue a warning to Ms. Padilla rather than the ticket he had initially planned to issue. He testified that he issued the warning out of "professional courtesy" to Defendant, because of Defendant's alleged position as a Border Patrol Officer.

Defendant argues that the evidence presented did not meet two essential elements of the crime charged: (1) the Government did not show that Defendant was "acting under the authority of the United States" when he told the Officer he was a Border Patrol Officer; and (2) the Government did not show that Defendant obtained a thing of value when Ms. Padilla received a warning rather than a traffic citation.

1. <u>Whether Defendant was "Acting Under the Authority of the United States"</u>

Defendant argues that "the government must prove that Mr. Ramos was acting as a Border Patrol Agent when he was stopped by [Officer] Bernal." Motion for Judgment of Acquittal (hereinafter "Deft's Mot."), attached as Attachment 1 to this opinion, at 3. Defendant

further argues that the government provided no evidence that Mr. Ramos was acting under the authority of the United States Border Patrol because "he was not in uniform, he was not carrying a service weapon, [and] he was not requesting Ms. Padilla to break the speed limit in order to help the Border Patrol." *Id.* at 5.

In support of his argument that one must be purporting to act on behalf of the government at the time of the incident to be considered an officer or employee "acting under the authority of the United States," Defendant cites *United States v. York*, 202 F. Supp. 275 (E.D. Va. 1963). In *York*, a teenage girl falsely claimed in an application for credit at a department store that she was employed by the FBI, even though she only had an employment application pending with the FBI and had not yet been hired. The *York* court held that 18 U.S.C. § 912 did not apply to this conduct, because the defendant was not pretending to buy the dress on behalf of the United States, and therefore was not acting under the authority of the United States. However, *York* is distinguishable from this case because, in that case, no nexus was shown between the federal impersonation and the fraud. The *York* court found that the defendant stated on her credit application that she worked for the FBI because her status as an applicant for a job with that agency was the closest thing to employment that she had, not because she was attempting to use the authority of the FBI to obtain credit. The fact that her purported employment was with a federal was purely incidental. In the present case, the government presented testimony that Defendant obtained something of value, namely forbearance on a traffic ticket for his girlfriend, solely because he represented himself to be a member of the U.S. Border Patrol. Thus, the federal impersonation was a prerequisite and the sole cause for fraudulently obtaining something of value rather than being incidental to it.

Admittedly, caselaw interpreting the component of "acting under the authority of the

United States" with respect to 18 U.S.C. § 912 is quite thin. The parties have not provided any Tenth Circuit law on point, nor has the Court identified any. However, the Court finds persuasive the logic on this point articulated by the Second Circuit in *United States v. Etheridge*, 512 F.2d 1249 (2d Cir. 1975). *Etheridge* concerned a defendant who posed as a member of the Army and, in such pretended character, obtained a loan from the Army Emergency Relief fund to which he would not have been entitled had he not pretended to be a member of the Army. Upon conviction, defendant argued that he could not be convicted under 18 U.S.C. § 912 because he had not been purporting to act on behalf of the government, but only on behalf of himself. The *Etheridge* court held that the clause "acting under the authority of the United States" was included in the statute "solely to designate the *character* of the officer or employee and *not* to limit or define the character of the overt act under clause 1 or to limit the kind of acts penalized under clause 2. Clause 2 does not say 'in such pretended character and under such pretended authority.'" 512 F.2d at 1252 (emphasis in original). In reaching its conclusion, the *Etheridge* court cited *Lamar v. United States*, 241 U.S. 103, 106 (1916), which interpreted an earlier version of 18 U.S.C. § 912 and found that "the words 'acting under the authority of the United States' are words designating the character of the officer or employee whose personation the clause prohibits...[not words] applied only as limiting and defining the overt act from which criminality is to arise." The *Etheridge* court held that the defendant could be convicted under the statute because the defendant represented himself as a member of the Army and it was only by virtue of representing himself as such that the obtained the benefit. Similarly, in this case, Defendant represented himself to be a member of the Border Patrol, and it was only by virtue of acting as such that the obtained the benefit.

    2.    <u>Whether Defendant "Obtained a Thing of Value"</u>

Defendant also argues that he did not obtain anything of value when Officer Bernal chose to issue Ms. Padilla a warning rather than a citation on the basis of his misrepresentation.[2] Undoubtedly, forbearance on the issuance of a traffic ticket is a thing of value. *See United States v. Rippee*, 961 F.2d 677, 679 (7th Cir. 1992). Defendant argues that he did not benefit from his girlfriend receiving a warning, but rather that the benefit accrued completely to her, and that he did not therefore receive a thing of value himself. Defendant presents no cases suggesting that a benefit procured by a defendant for a relative or close friend cannot sustain a conviction under this statute, and the Court is not persuaded by his argument. By Defendant's logic, someone could falsely assume the role of a federal officer and acquire benefits for a parent or child with impunity under the statute. Defendant has given the Court no reason to accept this incongruous result. Similarly, someone who fraudulently acquires benefits for all of his friends but never for himself would be very popular indeed, but no less a criminal. Likewise, the Court cannot say that a jury could not reasonably find that Defendant obtained something of value when his girlfriend under whose roof he was living, whose cell phone he was using, and whose food he was eating received forbearance on a $115 traffic citation as a result of his false representation.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's Motion for Judgment of Acquittal on Count 1 is DENIED.

*[signature]*
UNITED STATES DISTRICT JUDGE

---

[2] In his brief, Defendant incorrectly quotes an element of the Count 1 to include that Defendant "demanded and obtained a thing of value." Deft's Mot. at 5, ¶ 7. In fact, the statute, indictment, and jury instruction require only that the defendant obtain something of value, not that he obtain it in response to a demand.